IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| for the use and benefit of | ) | |
| WATER WORKS, INC. | ) | |
| 25226 Pleasant Valley Road | ) | |
| Chantilly, VA 20152 | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| DOUGLAS P. FLEMING, LLC | ) | |
| SERVE:  Paul M. Guernsey, R/A | ) | |
| 351 Main Street | ) | |
| Niantic, CT 06357 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOUGLAS FLEMING | ) | |
| 369 Scotland Road | ) | |
| Windham, CT 06280 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE HANOVER INSURANCE COMPANY | ) | |
| SERVE:  Any officer or director | ) | |
| 440 Lincoln Street | ) | |
| Worcester, MA 01653 | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Water Works, Inc., by counsel, and for its Complaint against

the Defendants Douglas P. Fleming, LLC, Douglas Fleming, and The Hanover Insurance

Company, states as follows:

## VENUE AND JURISDICTION

This action arises under 28 U.S.C. §1331, as hereinafter more fully appears.  Venue is

proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the acts or

omissions giving rise to the claims asserted in this action occurred in the District of Columbia.

Venue is also proper in this Court pursuant to 40 U.S.C.A. §3131, et. seq., because this action is

brought pursuant to a Miller Act payment bond, and the construction project on which the

payment bond was issued is located in the District of Columbia.

<u>STATEMENT OF FACTS</u>

1.      Plaintiff Water Works, Inc. (hereinafter "Water Works") is a Virginia corporation

engaged in business as a supplier of water, storm, sanitary sewer, and erosion control products.

2.      Defendant Douglas P. Fleming, LLC (hereinafter "Fleming") is a Connecticut

limited liability company, which is not registered in the District of Columbia, and is engaged in

business as a construction general contractor.

3.      Defendant Douglas Fleming (hereinafter "Douglas") is an individual and is

believed to be a resident of the state of Connecticut.

4.      Defendant The Hanover Insurance Company (hereinafter "Hanover") is a New

Hampshire corporation, which is not registered in the District of Columbia, and is engaged in

business as a corporate surety.

5.      Fleming entered into a contract with the United States of America whereby

Fleming agreed to supply labor and materials to the United States of America for use at a

construction project known as "Rock Creek Park Tennis Center at 16th and Kennedy Streets, NW

Washington, DC 20011" (hereinafter referred to as the "Project").

COUNT I
<u>BREACH OF CONTRACT</u>

6.      All of the allegations in paragraphs 1 through 5 are replead and incorporated

herein by reference.

7.      Fleming entered into an open account agreement (hereinafter referred to as the "Credit Agreement") for the benefit of Water Works, pursuant to which Fleming agreed to various credit terms if Water Works extended credit to Fleming by supplying materials necessary to construct improvements at the Project.  A true and accurate copy of the Credit Agreement is attached hereto as Exhibit A and incorporated herein by reference.

8.      Pursuant to the terms of the Credit Agreement, Water Works agreed to sell and Fleming agreed to pay for the materials necessary to construct the improvements at the Project (hereinafter collectively referred to as the "Contract").

9.      Pursuant to the terms of the Credit Agreement and Contract and at the request of Fleming, Water Works supplied materials to Fleming at the Project.  An accounting of said materials is contained in the Statement of Account, which is incorporated herein by reference and is attached hereto as Exhibit B

10.     Water Works has performed its contractual obligations required by the Contract in a timely and workmanlike manner.

11.     Fleming has breached the Credit Agreement and the Contract by failing or refusing to pay a balance due to Water Works for materials supplied to the Project.

12.     Pursuant to the Credit Agreement and Contract, Fleming agreed to pay interest at the rate of 18% per annum on all invoices past due and to pay 25% attorney's fees expended in the collection of delinquent balances.

13.     Water Works has been damaged by Fleming's failure to pay Water Works in accordance with the Credit Agreement and Contract in the amount of $19,584.03, with interest at the rate of 18% per annum from April 11, 2016, plus 25% attorney's fees and all of its costs in this cause expended.

WHEREFORE, Water Works, Inc. respectfully requests judgment against the Defendant, Douglas P. Fleming, LLC., in the sum of Nineteen Thousand Five Hundred Eighty Four and 03/100 Dollars ($19,584.03), plus interest at the rate of 18% per annum from April 11, 2016 until paid, plus 25% attorney's fees and all of its costs in this cause expended.

## COUNT II
PERSONAL GUARANTY

14.     All of the allegations in paragraphs 1 through 13 are replead and incorporated herein by reference.

15.     In order to induce Water Works to extend credit to Fleming and to perform the Contract, Defendant Douglas entered into a personal guaranty for all obligations of Fleming to Water Works (hereinafter referred to as "Guaranty").  A true and accurate copy of said Guaranty is found at the bottom of the Credit Application attached hereto as an Exhibit and incorporated herein by reference.

16.     Douglas has breached the Guaranty by failing or refusing to pay balances due to Water Works for Materials supplied to Fleming.

17.     Water Works has been damaged by Fleming's and Douglas' failure to pay Water Works in accordance with the Contract and Guaranty in the total amount of Nineteen Thousand Five Hundred Eighty Four and 03/100 Dollars ($19,584.03), plus interest at the rate of 18% per annum from April 11, 2016 until paid, plus 25% attorney's fees and all of its costs in this cause expended.

WHEREFORE, Water Works, Inc., respectfully requests judgment against the Defendant, Douglas Fleming, in the sum of Nineteen Thousand Five Hundred Eighty Four and 03/100 Dollars ($19,584.03), plus interest at the rate of 18% per annum from April 11, 2016 until paid, plus 25% attorney's fees and all of its costs in this cause expended.

## COUNT III
## <u>PAYMENT BOND CLAIM</u>

18.     All of the allegations in paragraphs 1 through 17 are replead and incorporated herein by reference.

19.     Fleming, as principal, and Hanover, as its surety, entered into a payment bond for the prosecution of the work on the Project (hereinafter referred to as the "Bond").  A copy of the Bond is attached hereto as "Exhibit C" and incorporated herein by reference.

20.     Water Works is a proper claimant under the Bond, and is of the class of those entitled to a right of action under the Bond.

21.     Plaintiff has complied with all requirements and conditions precedent in asserting its claim under the Bond.

22.     More than 90 days, but less than one year, has expired since the day on which the last of the materials was supplied by Water Works to the Project.

WHEREFORE, Plaintiff, Water Works, Inc., respectfully requests judgment against the Defendants, Douglas P. Fleming, LLC and The Hanover Insurance Company, jointly and severally, in the sum of Nineteen Thousand Five Hundred Eighty Four and 03/100 Dollars ($19,584.03), plus interest at the rate of 18% per annum from April 11, 2016 until paid, plus 25% attorney's fees and all of its costs in this cause expended.

WATER WORKS, INC.
By Counsel

_____/s/_____

John D. Purdy, Esq.
Fullerton & Knowles, P.C.
12642 Chapel Road
Clifton, VA  0124
(703) 818-2600
(703) 818-2602 FAX
jpurdy@fullertonlaw.com